UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HEATHER SWANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV00369(JCH) |
| | ) | |
| TERRY CALAHAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court upon Defendant Terry Calahan's Motion to Quash Subpoena and Notice of Deposition ("Motion"), filed August 10, 2010 (ECF No. 22). This matter has been fully briefed and is ready for disposition.

### I. Standard

On timely motion, the issuing court must quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to undue burden. Fed.R.Civ.P. 45(c)(3)(A)(iii),(iv). District courts have wide latitude in deciding motions to quash civil, third-party subpoenas. LFP Internet Group, LLC v. Does, No. 10-MC-122, 2011 U.S. Dist. LEXIS 5534, at *3 (D.S.D. Jan. 20, 2011)(citing Pamida, Inc. v. E.S. Originals, Inc., 281 F.3d 726, 729 (8th Cir. 2002)).

### II. Background

Plaintiff Heather Swann ("Plaintiff") alleges she was harassed and threatened by former New Melle Police Officer Terry Calahan ("Calahan"). Plaintiff contends that she notified Calahan's employer and superiors regarding his behavior, but his employer did not reprimand him or attempt to stop his behavior. In fact, his behavior continued even after Plaintiff received an ex-parte order of protection against Calahan. Calahan's harassing actions culminated on December 10, 2009, when

he pulled over Plaintiff and claimed he suspected she was driving while intoxicated. Plaintiff called 911 and the St. Charles County Sheriff's department determined she had a blood alcohol level of .000. On January 22, 2010, Calahan resigned from the New Melle Police Department. Plaintiff claims she suffered emotional and mental damage as a result of Calahan's conduct. On February 9, 2011, Calahan was found guilty of a Class A misdemeanor of harassment of Plaintiff in the Circuit Court of St. Charles County.

On February 25, 2011, Plaintiff filed this lawsuit alleging claims for illegal seizure and detention against Calahan (Count I); violation of due process and sexual harassment against Calahan (Count II); assault and battery against Calahan (Count III); intentional infliction of emotional distress against Calahan (Count IV); false arrest against Calahan (Count V); respondeat superior against City of New Melle (Count VI); violation of due process, harassment and intimidation against Burkemper (Count VII); negligent infliction of emotional distress against Burkemper (Count VIII); negligent failure to supervise against Burkemper (Count XIV); respondeat superior against City of New Melle (Count XV); violation of due process and inadequate screening against City of New Melle (Count XVI); negligent hiring/retention claim against City of New Melle (Count XVII); and failure to supervise police department against City of New Melle (Count XVIII).

### III.     Discussion

On August 9, 2011, Plaintiff provided counsel for Calahan with a notice of deposition and subpoena for documents directed to Pettis County Prosecuting Attorney. (Motion, ¶1). The subpoena asked for all documents related to Calahan in the prosecuting attorneys's files. (Id., ¶2). Calahan received a suspended imposition of sentence (SIS) for a Class B misdemeanor in Pettis County in 1994. (Id., ¶3).

Calahan argues that the notice of deposition and subpoena should be quashed, pursuant to Fed.R.Civ.P. 45(c)(3)(A) because they seek privileged or protected information and because the SIS is not relevant to the instant litigation. First, Calahan notes that the SIS is not considered a conviction. Second, the SIS involved a Class B misdemeanor, not involving false statements, which occurred over seventeen (17) years ago. (Reply in Support of Terry Calahan's Motion to Quash Subpoena and Notice of Deposition ("Reply"), ECF No. 24, pp. 1-2)

In response, Plaintiff asserts that Calahan's SIS is relevant to establish that the City of New Melle was negligence in hiring Calahan and to prove "motive, opportunity, intent, knowledge, [and] absence of mistake of Calahan." (Plaintiff's Response to Defendant Calahan's Motion to Quash Subpoena and Notice of Deposition ("Response"), ECF No. 23, p. 3).

With respect to the negligent hiring claim against New Melle, Plaintiff asserts that prior evidence of a sexual assault and harassment of women is relevant to the claims that Calahan's proclivity to sexually assault and harass women. (Id., p. 4). In addition, the Chief of Police for the City of New Melle testified that he probably would not have hired Calahan if he had known about his prior guilty plea for sexual assault. (Id.). Plaintiff claims that an adequate background check of Calahan would have revealed his criminal past. (Id., p. 5).

Second, Plaintiff claims that the subpoenaed information will help establish motive, opportunity, intent, preparation, or absence of mistake. (Id., p. 5). Plaintiff claims that the Pettis County Prosecutor's file will provide the names of others who have been sexually assaulted. (Id.). Plaintiff argues that "the facts surrounding these prior assaults may establish Calahan's motive, opportunity, intent, preparation, plan or absence of mistake or accident in this case which would be admissible" under Fed.R.Evid. 404(b). (Id.).

The Court finds that the evidence of Calahan's SIS is not relevant to this case because the SIS is not a conviction. Section 491.050, R.S. Mo. confers "an absolute right, in both civil and criminal proceedings, to impeach the credibility of any witness, including the accused, with his or her prior criminal convictions." M.A.B. v. Nicely, 909 S.W.2d 669, 672 (Mo. 1995)(State v. Giffin, 640 S.W.2d 128, 132 (Mo. 1982)). "Where imposition of sentence has been suspended, there can be no judgment. . . . The term 'conviction,' standing alone, does not include a plea or finding of guilty where imposition of sentence is suspended." Yale v. City of Independence, 846 S.W.2d 193, 194, 195 (Mo. banc 1993). Because the imposition of sentence was suspended, no conviction was rendered against Calahan in a criminal case, and section 491.050 does not apply. Nicely, 909 S.W.2d at 671. The Court finds that the SIS is not relevant to this proceeding and will prejudice Calahan unduly because it is not a conviction. "Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992). "Determinations of relevance in discovery rulings are left to the sound discretion of the trial court and will not be reversed absent an abuse of discretion." Hayden v. Bracy, 744 F.2d 1338, 1342 (8th Cir. 1984).

Moreover, to the extent that the SIS may somehow have been discoverable to the City of New Melle when it hired Calahan and have some relevance to the negligent hiring claim, the Court does not see how the subpoenaed documents would have any relevance to that claim. The existence of the SIS alone, which Plaintiff possesses, is sufficient. Any other privileged documents that require a court order to obtain would not be relevant to a negligent hiring case.

With respect to Plaintiff's contention that the subpoenaed information will help establish motive, opportunity, intent, preparation, or absence of mistake, the Court finds that Plaintiff has not

met the threshold level of relevance to warrant production of the requested documents. Rather, Plaintiff just recites 404(b) without providing evidence of any prior assaults by Calahan, other than one that occurred seventeen (17) years ago. Plaintiff's Motion appears to be more of a fishing expedition than a discovery request. Calahan's Motion is granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Terry Calahan's Motion to Quash Subpoena and Notice of Deposition is **GRANTED**.

Dated this 15th day of August, 2011.

/s/Jean C. Hamilton

UNITED STATES DISTRICT JUDGE